UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**JOHN DOE,**
c/o: George J. Vila, Esq.
(Florida Bar No. 141704)
201 Alhambra Circle, Ste. 702
Coral Gables, Florida  33134
Telephone: (305) 445-2540
E-mail: gvila@gjvpa.com

    **Plaintiff,**

vs.           CASE NO. 1:25-cv-00796

**MARCO RUBIO, Secretary of State**
**UNITED STATES DEPARTMENT OF STATE**
2201 C Street, NW
Washington, DC 20520

**KRISTI NOEM, Secretary of U.S. Department of Homeland Security**
**UNITED STATES DEPARTMENT OF HOMELAND SECURITY**
245 Murray Lane, SW
Washington, DC 20528-0075

**ANNE MILGRAM, Administrator of U.S. Drug Enforcement Administration**
**U.S. DRUG ENFORCEMENT ADMINISTRATION**
8701 Morrissette Drive
Springfield, VA 22152

**KASH PATEL, Director of the Federal Bureau of Investigation**
**FEDERAL BUREAU OF INVESTIGATION**
935 Pennsylvania Avenue, NW
Washington, DC 20535-0001

**PETE R. FLORES, Acting Commissioner of U.S. Customs and Border Protection**
**UNITED STATES CUSTOMS AND BORDER PROTECTION**
1300 Pennsylvania Avenue, NW
Washington, DC 20229,

    **Defendants.**
_____/

**COMPLAINT TO ENJOIN DEFENDANTS FROM WITHHOLDING RECORDS AND FOR AN ORDER REQUIRING PRODUCTION OF SUCH RECORDS PURSUANT TO 5 U.S.C. §552a(g)(1) AND THE JUDICIAL REDRESS ACT OF 2015 AND TO AMEND AND/OR EXPUNGE RECORDS**

*(The Exhibits to this Complaint are being filed separately under seal due to the confidential and sensitive nature of the documents.)*

**COMES NOW** Plaintiff **"JOHN DOE,"** by and through his undersigned counsel, and presents herewith his Complaint against Defendants, **MARCO RUBIO, the United States Secretary of State; UNITED STATES DEPARTMENT OF STATE; KRISTI NOEM,** Secretary of U.S. Department of Homeland Security; **UNITED STATES DEPARTMENT OF HOMELAND SECURITY; ANNE MILGRAM,** Administrator of U.S. Drug Enforcement Administration; **UNITED STATES DRUG ENFORCEMENT ADMINISTRATION; KASH PATEL,** Director of the Federal Bureau of Investigation; **FEDERAL BUREAU OF INVESTIGATION,** and **PETE R. FLORES,** Acting Commissioner of U.S. Customs and Border Protection, and **UNITED STATES CUSTOMS AND BORDER PROTECTION,** to prevent them from Withholding Records and for an Order Requiring Production of Such Records Pursuant to 5 U.S.C. §552a(g)(1) and the Judicial Redress Act of 2015, and requiring them to Amend and/or Expunge Said Records. Plaintiff states as follows:

**INTRODUCTION**

This is an action under the Privacy Act, 5 U.S.C. §552a, and the Judicial Redress Act of 2015, *id.*, note, for injunctive and other appropriate relief. Additionally, Plaintiff brings this action for injunctive, declaratory and monetary relief pursuant to the Privacy Act, 5 U.S.C. § 552a *et seq.*, the Freedom of Information Act, 5 U.S.C. § 552(a) *et seq.*, and the Federal Declaratory Judgment Act, 28 U.S.C. § 2201.

Plaintiff, **JOHN DOE,** is a citizen of the Netherlands and is a prominent businessman.

2

Plaintiff, **JOHN DOE,** has submitted requests under the Privacy Act to the U.S. Department of State seeking records concerning himself. He is statutorily entitled to the disclosure of the records that he has requested, and the State Department has improperly withheld them in violation of the law.

Plaintiff **JOHN DOE** has suffered serious negative impacts that are proximately caused by the existence of false and inaccurate information about him in the records of the State Department that has been wrongfully withheld despite his prior requests.

## JURISDICTION AND VENUE

1. This Court has exclusive jurisdiction of this action. 5 U.S.C. §552a(g)(1) provides: "Whenever any agency **(A)** makes a determination under subsection (d)(3) of this section not to amend an individual's record in accordance with his request, or fails to make such review in conformity with that subsection; **(B)** refuses to comply with an individual request under subsection (d)(1) of this section; **(C)** fails to maintain any record concerning any individual with such accuracy, relevance, timeliness, and completeness as is necessary to assure fairness in any determination relating to the qualifications, character, rights, or opportunities of, or benefits to the individual that may be made on the basis of such record, and consequently a determination is made which is adverse to the individual; or **(D)** fails to comply with any other provision of this section, or any rule promulgated thereunder, in such a way as to have an adverse effect on an individual, *the individual may bring a civil action against the agency, and the district courts of the United States shall have jurisdiction in the matters under the provisions of this subsection.*" (emphasis supplied.)

The Judicial Redress Act of 2015, Public Law 114-126, 130 Stat. 282, codified at 5 U.S.C. 552a note, extends certain rights of judicial redress established under the Privacy Act to citizens of foreign countries or regional economic organizations certified as a "covered country." Specifically, the Judicial Redress Act enables a "covered person" ( *i.e.,* a natural

person, other than a U.S. citizen or permanent resident alien, who is a citizen of a covered country) to bring suit and obtain specified redress in the same manner, to the same extent, and subject to the same limitations, including exemptions and exceptions, as an "individual" ( *i.e.,* a U.S. citizen or permanent resident alien) may bring suit and obtain specified redress with respect to the improper refusal to grant access to or an amendment of a "covered record" ( *i.e.,* a record pertaining to the covered person transferred by a public authority of, or a private entity within, a covered country to a designated Federal agency or component for purposes of preventing, investigating, detecting, or prosecuting criminal offenses) under 5 U.S.C. 552a(g)(1)(A) & (B). The updates clarify that, consistent with the processes established for individuals under the Privacy Act, a covered person must follow the Privacy Act request-for-access procedures, or the Privacy Act request-for-amendment or correction procedures, before a covered person may file suit. 28 CFR 16.40(e). Plaintiff has satisfied all pre-suit requirements.

2. The Plaintiff is a citizen of a foreign country (the Netherlands) which has been certified as a "covered country."

3. Additionally, this Court has jurisdiction pursuant to 28 U.S.C. §1331 inasmuch as this action arises under the laws of the United States of America.

4. Venue is proper in the United States District Court for the District of Columbia pursuant to 28 U.S.C. §1391(e)(1)(B) inasmuch as the principal offices of the Defendants are all situated in the District of Columbia and a substantial part of the events or omissions giving rise to the claim occurred in that district.

## PARTIES

5. Plaintiff, **JOHN DOE,** was born in the Country of Italy and is a citizen of the Netherlands. He is a prominent and highly respected businessman doing business in several countries and currently resides in St. Maarten, a part of the Kingdom of the Netherlands. His two daughters were born in the United States and are citizens of the United States.

6. Defendant, **MARCO RUBIO,** is the **United States Secretary of State.** The **UNITED STATES DEPARTMENT OF STATE** ("State Department"), is a Department of the Executive Branch of the United States Government and is responsible for the review of applications for visas to enter the United States, and is led and supervised by Defendant **MARCO RUBIO.**

7. Defendant, **KRISTI NOEM,** is the **Secretary of the U.S. Department of Homeland Security.** The **UNITED STATES DEPARTMENT OF HOMELAND SECURITY** ("DHS") is a Department of the Executive Branch of the United States Government that is led and supervised by Defendant **KRISTI NOEM.**

8. Defendant, **ANNE MILGRAM,** is the **Administrator of the U.S. Drug Enforcement Administration.** The **UNITED STATES DRUG ENFORCEMENT ADMINISTRATION** ("DEA"), is a Department of the United States Department of Justice, which is a Department of the Executive Branch of the United States Government that is led and supervised by Defendant **ANNE MILGRAM.**

9. Defendant, **KASH PATEL,** is the **Director of the Federal Bureau of Investigation.** The **FEDERAL BUREAU OF INVESTIGATION** ("FBI"), is a Department of the United States Department of Justice, which is a Department of the Executive Branch of the United States Government that is led and supervised by Defendant **KASH PATEL.**

10. Defendant, **PETE R. FLORES,** is the **Acting Commissioner of U.S. Customs and Border Protection.** The **UNITED STATES CUSTOMS AND BORDER PROTECTION** ("CBP"), is a component of the United States Department of Homeland Security, which is a Department of the Executive Branch of the United States Government that is led and supervised by Defendant **PETE R. FLORES.**

## GENERAL FACTUAL BACKGROUND

11. The State Department has in its possession, custody or control records containing information relating to Plaintiff, **JOHN DOE.** The file containing the records is commonly referred to within the Foreign Affairs Manual (FAM) U.S. Department of State Internal Regulations as a "P3A2" file.

12. The Code of Federal Regulations, Title 22 and Section 171.32, permits the U.S. Department of State to entertain administrative requests pursuant to the Privacy Act. (As discussed below, there have been numerous requests for the materials and content of Plaintiff, JOHN DOE's "P3A2" file that were used by the U.S. Department of State to reject his various visa applications.)

### The State Department's Failure to Timely Comply with Plaintiff's Request

13. Plaintiff's initial request under the Privacy Act was made to the U.S. Department of State by Gilberto Garcia, Esq., Plaintiff's attorney at that time, thereby requesting all pertinent information relating to Plaintiff, JOHN DOE, in his P3A2 file.

14. On October 11, 2016, the Freedom of Information ("FOIA") office of the State Department responded with an acknowledgement of the receipt of that initial request letter. (*Exhibit A*)

15. Commencing on or about October 21, 2016, through November 17, 2016, counsel for Plaintiff JOHN DOE sent e-mails requesting the status of the request made. During that period of time, Plaintiff JOHN DOE received responses to counsel's request for the status of his FOIA request for all pertinent information relating to Plaintiff, JOHN DOE, in his P3A2 file. (*Composite Exhibit B*)

16. On November 18, 2016, the State Department FOIA Requester Service Center e-mailed counsel for Plaintiff JOHN DOE advising of an estimated completion date of

**December 2017** for the request. (***Exhibit C***)   However, the requested information was never furnished by the Department of State.

17.   After various applications by Plaintiff John Doe for a Visa spanning years, on August 2, 2024 he, through his counsel, received correspondence from the State Department advising that his most recent Visa request was denied. (***Exhibit D***)

18.   On August 12, 2024, George J. Vila, present counsel for Plaintiff, sent correspondence to the American Consular Officer, U.S. Department of State, regarding their letter dated August 2, 2024, that denied JOHN DOE's Visa request. (***Exhibit E***)

Mr. Vila noted in his correspondence that the August 2, 2024 denial letter stated two (2) reasons for the denial of upon which JOHN DOE's visa request.  The first reason given was that pursuant to Section 212(a)(2)(C)(i), which states the following:

> §1182. Inadmissible aliens
> **(a) Classes of aliens ineligible for visas or admission**; and
> §1182. Inadmissible aliens (a)(2)(C)(i)
> **(C) Controlled substance traffickers**
> Any alien who the consular officer or the Attorney General knows or has reason to
> believe –
> (i) is or has been an illicit trafficker in any controlled substance o in any listed chemical
> (as defined in section 802 of title 21), or is or has been a knowing aider, abettor, assister,
> conspirator, or colluder with others in the illicit trafficking in any such controlled or
> listed substance or chemical or endeavored to do so.

The second reason given was that pursuant to Section 212(a)(3)(A)(ii), which states the following:

> §1182. Inadmissible aliens
> **(a) Classes of aliens ineligible for visas or admission**; and
> **(3) Security and related grounds**
> **(A) In general**
> Any alien who a consular or the Attorney General knows, or has reasonable ground to
> believe, seeks to enter the United States to engage solely, principally, or incidentally in
> –

7

(ii) any other unlawful activity.

19. Counsel for JOHN DOE advised the Consular Office that on previous occasions JOHN DOE had advised the Consular Office, through counsel, that the information that the Consular Office was relying upon was incorrect and false, and needed to be corrected or deleted. However, the Consular's Office has continued to ignore this request for correction or deletion.

In counsel's correspondence of August 12, 2024 to the American Consular Officer, U.S. Department of State, he advised that pursuant to 5 U.S.C. 522, they were making a demand that within thirty (30) days of the letter they provide the specific and precise information that they were utilizing to support the basis for the denial of JOHN DOE's visa pursuant to 212(a)(2)(c)(i) and 212(a)(3)(A)(ii). It was further advised that should the Consular's office refuse to provide the requested information within thirty (30) days of the date of the letter, a civil lawsuit would be filed in the District of Columbia pursuant to 5 USC §552a(g)(i). (***Exhibit E***)

20. Plaintiff has reasons to believe that the information contained in his the P3A2 file is incorrect, false, and misleading, and should be corrected and/or expunged forthwith. That is the good faith basis upon which his requests for all pertinent information was made.

21. The United States Department of State has failed to respond to the Plaintiff's Privacy Act request.

### The Department of Homeland Security and United States Customs and Border Protection's Failure to Timely Comply with Plaintiff's Request

22. Subsequently, on October 22, 2024, the Plaintiff, through his counsel, submitted correspondence to the Department of Homeland Security (***Exhibit F***), advising them that they had provided incorrect and false information to the State Department, which was utilized by them as a basis to deny JOHN DOE's Visa request. (See correspondence dated August 2, 2024, denying JOHN DOE's Visa Request. ***(Exhibit D)***).

8

Specifically, the correspondence to the Department of Homeland Security provided that pursuant to the Privacy Act of 1974, 5 U.S.C. §552(a), and the Judicial Redress Act of 2015, 5 U.S.C. §552(a), Plaintiff is requesting that the information be corrected and/or deleted within thirty (30) days of the date of the letter, and if the Department of Homeland Security failed to comply with these statutory requirements, pursuant to the Privacy Act of 1974, 5 USC §552a(g)(i), and the Judicial Redress Act of 2015, 5 U.S.C. §552(a), a civil lawsuit would be filed in the District of Columbia.

23. Evidently, the Department of Homeland Security referred counsel's correspondence to United States Customs and Border Protection.

24. On December 19, 2024, United States Customs and Border Protection responded by e-mail stating: "We received your lettered response for correction of records. Unfortunately, we are unable to provide any assistance as your concern does not fall under our office's jurisdiction. *We recommend you file a redress with the Department of Homeland Security*, Traveler Redress Inquiry Program (DHS TRIP). DHS TRIP is a single point of contact for those who have inquiries or seek resolution regarding difficulties they experienced during their travel screening at transportation hubs at airports or crossing the U.S. border … Travelers can file a redress with DHS TRIP to correct records they believe are inaccurate in DHS systems." (***Exhibit G***)

(emphasis supplied.)

25. Clearly, the response by United States Customs and Border Protection ignores the fact that counsel did in fact submit Plaintiff's Privacy Act request to the Department of Homeland Security.

26. The Department of Homeland Security and United States Customs and Border Protection have since failed to respond to the Plaintiff's Privacy Act request.

### The Drug Enforcement Administration's
### Failure to Timely Comply with Plaintiff's Request

27. Subsequently, on October 22, 2024, Plaintiff, through his counsel, submitted correspondence via e-mail to the United States Department of Justice, Drug Enforcement Administration (DEA) (**Exhibit H**), advising them that they had provided incorrect and false information to the State Department, which was utilized by them as a basis to deny JOHN DOE's visa request. (See correspondence dated August 2, 2024, denying JOHN DOE's Visa Request.) (**Exhibit D**).

Specifically, the correspondence to the DEA provided that pursuant to the Privacy Act of 1974, 5 U.S.C. §552(a), and the Judicial Redress Act of 2015, 5 U.S.C. §552(a), Plaintiff is requesting that the information be corrected and/or deleted within thirty (30) days of the date of the letter, and if the DEA failed to comply with these statutory requirements, pursuant to the Privacy Act of 1974, 5 USC §552a(g)(i), and the Judicial Redress Act of 2015, 5 U.S.C. §552(a), a civil lawsuit would be filed in the District of Columbia.

28. On October 28, 2024, the Drug Enforcement Administration responded via e-mail stating, "Thank you for your e-mail. If you are requesting DEA records that pertain to yourself, you will need to provide a completed and signed DOJ-361 form to verify your identity with your records request." (**Exhibit I**)

29. On October 28, 2024, the completed and signed DOJ-361 form pertaining to the Plaintiff's Privacy Act request was submitted to the Drug Enforcement Administration. (**Exhibit J**)

30. The Drug Enforcement Administration has since failed to respond to the Plaintiff's Privacy Act request.

## The Federal Bureau of Investigation's Failure to Timely Comply with Plaintiff's Request

31.  On October 22, 2024, Plaintiff, through his counsel, submitted correspondence to the Record/Information Dissemination Section of the Federal Bureau of Investigation (FBI) (***Exhibit K***), advising them that they had provided incorrect and false information to the State Department, which was utilized by them as a basis to deny JOHN DOE's visa request. (See correspondence dated August 2, 2024, denying JOHN DOE's Visa Request.) ***(Exhibit D).***

Specifically, the correspondence to the FBI provided that pursuant to the Privacy Act of 1974, 5 U.S.C. §552(a), and the Judicial Redress Act of 2015, 5 U.S.C. §552(a), Plaintiff is requesting that the information be corrected and/or deleted within thirty (30) days of the date of the letter, and if the FBI failed to comply with these statutory requirements, pursuant to the Privacy Act of 1974, 5 USC §552a(g)(i), and the Judicial Redress Act of 2015, 5 U.S.C. §552(a), a civil lawsuit would be filed in the District of Columbia.

32.  The Federal Bureau of Investigation responded by correspondence dated November 7, 2024, stating in part: "The information requested in the referenced letter is not considered a FOIPA request because it does not comply with the FOIPA and its regulations. Therefore, your request is being administratively closed for one or more of the following reasons: Your request seeks information that does not fall under the purview of the FOIPA. The information requested in the referenced letter is not considered a FOIPA request because it does not comply with the requirements of 28 CFR § 16.3(b)." (***Exhibit L***)

33.  The Federal Bureau of Investigation has since failed to respond to the Plaintiff's Privacy Act request.

## COUNT ONE
### (Privacy Act/Freedom of Information Act—Denial of Access to Records)
### Re: United States Department of State

Plaintiff, **JOHN DOE**, realleges, reavers, and incorporates by reference the allegations contained within paragraphs 1 through 21 as is set forth fully herein.

34. JOHN DOE has exhausted all required and available administrative remedies.

35. JOHN DOE has a legal right under the Privacy and Freedom of Information Acts to obtain the information he seeks, and there is no legal basis for the denial by the United States Department of State of said right.

**WHEREFORE**, Plaintiff, **JOHN DOE**, requests that the Court award him the following relief:

(1) Declare that the United States Department of State violated the Privacy and Freedom of Information Acts;

(2) Order the United States Department of State to immediately disclose the requested records in their entireties to JOHN DOE;

(3) Award JOHN DOE any actual damages under 5 U.S.C. § 552a(g)(4)(A), the exact amount of which is to be determined at trial but is not less than $1,000;

(4) Invoke its equitable powers to expunge all records or information maintained by the United States Department of State that is inaccurate and/or derogatory to JOHN DOE;

(5) Award plaintiff reasonable costs and attorney's fees as provided in 5 U.S.C. §§ 552a(g)(3)(B) and/or (4)(B), 552 (a)(4)(E) and/or 28 U.S.C. § 2412 (d);

(6) expedite this action in every way pursuant to 28 U.S.C. § 1657 (a); and

(7) grant such other relief as the Court may deem just and proper.

## COUNT TWO
### (Privacy Act/Freedom of Information Act—Denial of Access to Records)
### Re: The Department of Homeland Security and United States Customs and Border Protection

Plaintiff, **JOHN DOE**, realleges, reavers, and incorporates by reference the allegations contained within paragraphs 1 through 12 and 22 through 26, as is set forth fully herein.

36. JOHN DOE has exhausted all required and available administrative remedies.

12

37.　　JOHN DOE has a legal right under the Privacy and Freedom of Information Acts to obtain the information he seeks, and there is no legal basis for the denial by the Department of Homeland Security and/or United States Customs and Border Protection of said right.

**WHEREFORE**, Plaintiff, **JOHN DOE**, requests that the Court award him the following relief:

(1) Declare that the Department of Homeland Security and United States Customs and Border Protection violated the Privacy and Freedom of Information Acts;

(2) Order the Department of Homeland Security and United States Customs and Border Protection to immediately disclose the requested records in their entireties to JOHN DOE;

(3) Award JOHN DOE any actual damages under 5 U.S.C. § 552a(g)(4)(A), the exact amount of which is to be determined at trial but is not less than $1,000;

(4) Invoke its equitable powers to expunge all records or information maintained by the Department of Homeland Security and United States Customs and Border Protection that is inaccurate and/or derogatory to JOHN DOE;

(5) Award plaintiff reasonable costs and attorney's fees as provided in 5 U.S.C. §§ 552a(g)(3)(B) and/or (4)(B), 552 (a)(4)(E) and/or 28 U.S.C. § 2412 (d);

(6) expedite this action in every way pursuant to 28 U.S.C. § 1657 (a); and

(7) grant such other relief as the Court may deem just and proper.

**COUNT THREE**
**(Privacy Act/Freedom of Information Act—Denial of Access to Records)**
**Re: The Drug Enforcement Administration**

Plaintiff, **JOHN DOE**, realleges, reavers, and incorporates by reference the allegations contained within paragraphs 1 through 12 and 27 through 30, as is set forth fully herein.

38.　　JOHN DOE has exhausted all required and available administrative remedies.

39. JOHN DOE has a legal right under the Privacy and Freedom of Information Acts to obtain the information he seeks, and there is no legal basis for the denial by the Drug Enforcement Administration of said right.

**WHEREFORE**, Plaintiff, **JOHN DOE**, requests that the Court award him the following relief:

(1) Declare that the Drug Enforcement Administration violated the Privacy and Freedom of Information Acts;

(2) Order the Drug Enforcement Administration to immediately disclose the requested records in their entireties to JOHN DOE;

(3) Award JOHN DOE any actual damages under 5 U.S.C. § 552a(g)(4)(A), the exact amount of which is to be determined at trial but is not less than $1,000;

(4) Invoke its equitable powers to expunge all records or information maintained by the Drug Enforcement Administration that is inaccurate and/or derogatory to JOHN DOE;

(5) Award plaintiff reasonable costs and attorney's fees as provided in 5 U.S.C. §§ 552a(g)(3)(B) and/or (4)(B), 552 (a)(4)(E) and/or 28 U.S.C. § 2412 (d);

(6) expedite this action in every way pursuant to 28 U.S.C. § 1657 (a); and

(7) grant such other relief as the Court may deem just and proper.

## COUNT FOUR
### (Privacy Act/Freedom of Information Act—Denial of Access to Records)
### Re: The Federal Bureau of Investigation

Plaintiff, **JOHN DOE**, realleges, reavers, and incorporates by reference the allegations contained within paragraphs 1 through 12 and 31 through 33, as is set forth fully herein.

40. JOHN DOE has exhausted all required and available administrative remedies.

41. JOHN DOE has a legal right under the Privacy and Freedom of Information Acts to obtain the information he seeks, and there is no legal basis for the denial by the Federal Bureau of Investigation of said right.

**WHEREFORE**, Plaintiff, **JOHN DOE**, requests that the Court award him the following relief:

(1) Declare that the Federal Bureau of Investigation violated the Privacy and Freedom of Information Acts;

(2) Order the Federal Bureau of Investigation to immediately disclose the requested records in their entireties to JOHN DOE;

(3) Award JOHN DOE any actual damages under 5 U.S.C. § 552a(g)(4)(A), the exact amount of which is to be determined at trial but is not less than $1,000;

(4) Invoke its equitable powers to expunge all records or information maintained by the Federal Bureau of Investigation that is inaccurate and/or derogatory to JOHN DOE;

(5) Award plaintiff reasonable costs and attorney's fees as provided in 5 U.S.C. §§ 552a(g)(3)(B) and/or (4)(B), 552 (a)(4)(E) and/or 28 U.S.C. § 2412 (d);

(6) expedite this action in every way pursuant to 28 U.S.C. § 1657 (a); and

(7) grant such other relief as the Court may deem just and proper.

Respectfully submitted this 18th day of March, 2025

*/s/ Terrence P. Collingsworth*
Terrence P. Collingsworth
(D.C. Bar No. 471830)
International Rights Advocates
621 Maryland Avenue, NE
Washington, D.C. 20002
Telephone: (202) 543-5811
E-mail: tc@iradvocates.org
(Counsel for Plaintiff, *John Doe*)