UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| JOHN DOE,<br><br>Plaintiff,<br><br>v.<br><br>MARCO RUBIO, *et al.*,<br><br>Defendants. | Civil Action No. 25-796 (JEB) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff John Doe, a citizen of the Netherlands, has been trying to get a U.S. visa for years. See ECF No. 1 (Compl.), ¶¶ 5, 17. Repeatedly denied, he also attempted to use various federal laws — including the Freedom of Information Act and the Privacy Act — to gather information on his file at the State Department that might explain the denials. See id., ¶¶ 13–16. After the most recent rejection in August of 2024, Doe sent letters to State, the Department of Homeland Security, the Drug Enforcement Administration, and the Federal Bureau of Investigation seeking more information (which he suspects is "incorrect, false, and misleading") and threatening a lawsuit if it was not provided. Id., ¶¶ 19–20, 22, 27, 31. That information was never forthcoming, however, prompting Plaintiff to file this lawsuit against those federal agencies' leadership under the Privacy Act and FOIA. Id., ¶¶ 34–41.

He seeks to do so using a pseudonym, claiming that disclosure of his identity will harm his family and business. See ECF No. 2 (Mot.). As he has not made the detailed showing required to overcome the presumption in favor of disclosure, the Court will deny the Motion.

1

See LCvR 40.7(f) (providing that Chief Judge shall "hear and determine ... motion[s] to file a pseudonymous complaint").

## I.  Legal Standard

Generally, a complaint must identify the plaintiffs.  See Fed. R. Civ. P. 10(a); LCvR 5.1(c)(1).  This identification requirement reflects the "presumption in favor of disclosure [of litigants' identities], which stems from the 'general public interest in the openness of governmental processes,' and, more specifically, from the tradition of open judicial proceedings."  In re Sealed Case, 931 F.3d 92, 96 (D.C. Cir. 2019) (quoting Wash. Legal Found. v. U.S. Sentencing Comm'n, 89 F.3d 897, 899 (D.C. Cir. 1996)).  A party moving to proceed pseudonymously thus "bears the weighty burden of both demonstrating a concrete need for such secrecy[] and identifying the consequences that would likely befall it if forced to proceed in its own name."  In re Sealed Case, 971 F.3d 324, 326 (D.C. Cir. 2020).  As a result, the court must "'balance the litigant's legitimate interest in anonymity against countervailing interests in full disclosure'" by applying a "flexible and fact driven" balancing test.  Id. (quoting In re Sealed Case, 931 F.3d at 96).  That test assesses "five non-exhaustive factors":

> (1) whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of [a] sensitive and highly personal nature;
> (2) whether identification poses a risk of retaliatory physical or mental harm to the requesting party or[,] even more critically, to innocent non-parties;
> (3) the ages of the persons whose privacy interests are sought to be protected;
> (4) whether the action is against a governmental or private party; and relatedly,
> (5) the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

Id. at 326–27 (quoting In re Sealed Case, 931 F.3d at 97) (first alteration in original).

**II.     Analysis**

Plaintiff has not met his burden to show that his privacy interests outweigh the public's presumptive and substantial interest in learning his identity. The Court will address each of the five factors in turn.

First, disclosure of Plaintiff's identity will not reveal any information of a "sensitive [or] highly personal nature." Id. at 326 (quoting In re Sealed Case, 931 F.3d at 97). The Complaint itself reveals no "intimate or sensitive personal information" of the kind "traditionally recognized under this factor, such as sexual activities" or "medical concerns." Doe v. Rogers, 2023 WL 1470007, at *2 (D.D.C. Feb. 2, 2023) (quoting Doe v. Bogan, 542 F. Supp. 3d 19, 23 (D.D.C. 2021)). Indeed, it says very little at all about the information Plaintiff believes is in his visa file, much less substantiates his claim that such information is "sensitive" or "highly personal." All that is mentioned are the grounds given by the State Department for Doe's August 2024 visa denial: that the Attorney General has reason to believe Plaintiff is a "[c]ontrolled substance trafficker[]" and "seeks to enter the United States to engage in . . . unlawful activity." Compl., ¶ 18. Without more, revelation of that information does not implicate this factor. See In re Sealed Case, 971 F.3d at 327.

In his Motion, Doe argues that disclosure of his identity will "likely" cause other countries to "deny his visa requests," drive business away because of "reputational injury," damage his "credit relationships with his banks," boost his "business competitors," and financially affect his family. See Mot. at 4–5. His attaches a declaration from his longtime lawyer to this effect. See ECF No. 2-1 (Vila Decl.), ¶ 3. But such concerns are emblematic of the "annoyance and criticism" that attend all public litigation and thus cannot provide a basis for departing from the general rule of disclosure. In re Sealed Case, 971 F.3d at 326 (quoting In re

Sealed Case, 931 F.3d at 97). The Court, moreover, lacks any basis for evaluating such conclusory statements because Plaintiff has not described the nature of the allegedly incriminating — but also allegedly false — information contained in his file with State. See, e.g., Compl., ¶ 19 (stating only that "the information that the Consular Office was relying upon was incorrect and false").

The second factor tips the same way. Doe lists only the "retaliation from his business competitors," Mot. at 5, as the basis for his contention that "identification poses a risk of retaliatory physical or mental harm." In re Sealed Case, 971 F.3d at 326 (quoting In re Sealed Case, 931 F.3d at 97). But this claim is articulated at the highest possible level of generality. None of the Complaint, the Motion, or the Vila Declaration at all substantiates what might cause Plaintiff's business competitors to retaliate, what form that retaliation might take, or why disclosure makes such retaliation more likely. See, e.g., Vila Decl., ¶ 3a ("Disclosing Plaintiff's name in this lawsuit would allow competitors to take advantage of the untruthful and uncorroborated information currently in Plaintiff's government files in efforts to cause his businesses to fail to the point of essentially putting him out of business."). While a rigorous showing is not necessary at this stage, more is required to displace the presumption of disclosure. See John Doe Co. No. 1 v. Consumer Fin. Prot. Bureau, 195 F. Supp. 3d 9, 22 (D.D.C. 2016) ("'[S]peculative and unsubstantiated claims of harm to [plaintiff's] reputational or economic interests' are insufficient to justify proceeding anonymously.") (quoting Doe v. Public Citizen, 749 F.3d 246, 274 (4th Cir. 2014)).

The third factor also supports disclosure because Plaintiff's case does not implicate the privacy interests of any minors. While Doe believes it "worth noting" that his family and "two

4

daughters who reside in the U.S." could face "financial ruin and damaged reputations" if his name is publicly disclosed, see Mot. at 5, he never claims that any of them are minors.

The fourth factor, conversely, weighs in favor of granting the Motion. Doe inexplicably argues here that this factor favors pseudonymity because the named Defendants are "among the most powerful agencies in the federal government," and it is "reasonable" for him "to seek to protect himself and his family from even the remote possibility of a public dispute with" them. See Mot. at 5–6. That misconstrues this factor. But while Plaintiff's reasoning is flawed, the correct analysis under this factor nevertheless works to his advantage. Pseudonymity may be appropriate where, as here, a plaintiff is suing a government defendant and seeking only individualized relief, since "government defendants do not share the concerns about reputation that private individuals have when they are publicly charged with wrongdoing." J.W. v. Dist. of Columbia, 318 F.R.D. 196, 201 (D.D.C. 2016) (cleaned up); see also Doe v. Blinken, No. 24-1629, ECF No. 3 (Mem. Op.) at 5 (D.D.C. June 11, 2024) ("When a plaintiff requests individualized relief against a government defendant . . . the fourth factor favors pseudonymity.") (citation omitted); Am. Foreign Serv. Ass'n v. State, No. 24-3385, ECF No. 8 (Mem. Op) at 5–6 (D.D.C. Dec. 11, 2024) (fourth factor favors pseudonymity where plaintiffs sought review of individual benefit denials). That weighs in Plaintiff's favor. Here, moreover, there is no "heightened public interest" because this suit does not appear likely to "alter the operation of public law both as applied to [Plaintiff] and, by virtue of the legal arguments presented, to other parties going forward." In re Sealed Case, 971 F.3d at 329.

The fifth and final factor also supports Plaintiff, since the Government would suffer no "risk of unfairness" if the Motion were granted. In re Sealed Case, 971 F.3d at 326 n.1. Plaintiff has agreed to file his identity under seal, see Mot. at 6, and Defendants will have access to his

information via his immigration file.  In such circumstances, this factor does not require disclosure.  See In re Sealed Case, 971 F.3d at 326 n.1 (explaining that this factor is "not implicated" where defendant knows plaintiff's identity); Doe v. ICE, No. 24-617, Mem. Op. at 5 (fifth factor supports motion where defendant already knows plaintiff's identity).

On balance, although the fourth and fifth factors offer some support to Plaintiff's Motion, the remaining ones tip the scales toward disclosure.  The Court therefore finds that Plaintiff has not met "the weighty burden" of "demonstrating a concrete need" for pseudonymity in this lawsuit.  In re Sealed Case, 971 F.3d at 326.

The Court accordingly ORDERS that:

1. Plaintiff's [2] Motion for Leave to File Under Pseudonym is DENIED; and

2. Within fourteen days of the Court's Order, Plaintiff shall advise the Clerk of the Court whether he wishes to proceed with filing the Complaint on the public docket using his real name, and, if so, file his [2] Motion on the public docket.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
Chief Judge

Date: March 25, 2025